# DAVID PRESSLEY v. STATE OF MARYLAND

[No. 30, September Term, 1982.]

*Decided January 5, 1983.*

The cause was argued before Murphy, C. J., and Smith, Eldridge, Cole, Davidson, Rodowsky and Couch, JJ.

*Gary S. Offutt, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Maureen O'Ferrall Gardner, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

Smith, J., delivered the opinion of the Court. Davidson, J., dissents and filed a dissenting opinion at page 153 *infra.*

We granted a writ of certiorari in this case limited solely to the question of whether the trial court erred when it instructed the jury that it need not find beyond a reasonable doubt every link in a chain of circumstantial evidence. Given our oft stated rule that jury instructions must be viewed as a whole and considering this instruction with the other instructions given in this case, we find no reversible error. Hence, we shall affirm.

David Pressley was convicted of storehouse breaking by a Baltimore City jury. The Court of Special Appeals affirmed the conviction in an unreported opinion.

The facts which we shall state are gleaned from the agreed statement of facts filed by the parties pursuant to Maryland Rule 828 g. There was a breaking into and removal of property from a basement office. The occupant of the office testified to the differences he observed between conditions at the office on the day the depredations were discovered and the day before. The point of entry appeared to be a broken window one floor above that office on the opposite side of the building. There was evidence presented to the effect that a rock was found on the window sill of that window and another rock on the floor inside the window. Fingerprints were found on the broken glass from the window. These prints were identified as belonging to Pressley.

Instructions to the jury included:

"Now, you should not assume that the defendant, Mr. Pressley, is guilty merely because he has been prosecuted, and because charges have been preferred against him. The burden of proof is on the State to prove every element of the charge against

the defendant, and he is presumed innocent until proven guilty beyond a reasonable doubt. That presumption attends him throughout the trial until or unless overcome by proof establishing his guilt beyond a reasonable doubt and to a moral certainty.

"Now while the burden is upon the State of establishing every fact material of [sic] the guilt of the defendant beyond a reasonable doubt, that does not mean that the State must prove the defendant is guilty to an absolute or mathematical certainty. It means such evidence as you would act upon in matters involving affairs in your own life, or business, or with regard to your own property. If the evidence is such as you would act upon it in a very important matter in your own lives, then it is sufficient to convict in a criminal case. Evidence is sufficient to remove a reasonable doubt when it convinces the judgment of an ordinarily prudent person of the truth of a proposition with such force that he would act upon that conviction without hesitation in his own important affairs.

"Now, the weight of the evidence is not measured by the number of witnesses or by any particular circumstances — he didn't have a parade of witnesses here as we do in many other cases. That doesn't necessarily mean proof has to be established by the number of witnesses. It depends on credibility, probability, and believability of all the witnesses.

. . .

". . . [J]ust keep in mind that it is your job to determine what the facts are as they relate to the evidence adduced from the witness stand, and any exhibits that have been admitted into evidence.

. . .

"As I have already stated, in order to find the defendant guilty of this third count, you must be convinced of the defendant's guilt beyond a reason-

able doubt and to a moral certainty. Now guilt beyond a reasonable doubt may be based on direct evidence. For instance, somebody saw him in there, or somebody saw him come out, or it may be based on circumstantial evidence. So I want to define circumstantial evidence for you.

"Circumstantial evidence consists of proof of collateral facts of [sic] circumstances which may in fact be inferred according to reason and common experience. Circumstantial evidence alone is sufficient to support a verdict of guilty. The law makes no distinction between direct evidence of a fact and evidence of circumstances from which the existence of a fact may be inferred. No greater degree of certainty is required when evidence is circumstantial than when it is direct, because in either case you, as jurors, must be convinced beyond a reasonable doubt of the guilt of the defendant.

"The defendant is entitled to every inference in his favor which can reasonably be drawn from the evidence. Where there are two inferences that may be drawn from the same set of facts, one consistent with guilt, and one consistent with innocence, the defendant is entitled to the one, for instance, which is consistent with his innocence. Circumstantial evidence need not be such that no possible verdict other than guilt can stand. It is not necessary that the circumstantial evidence exclude every possibility of the defendant's innocence or produce absolute certainty in the minds of the jurors of his guilt. *Is [sic] not required to be satisfied beyond a reasonable doubt as to each link in a chain of circumstances necessary to establish defendant's guilt.*

"Now, while the evidence must form a basis for the inference of guilt beyond a reasonable doubt, it is not necessary that each circumstance, standing alone be sufficient to establish guilt, but all the circumstances are to be considered together.

"I instruct you as follows. A latent fingerprint found at the scene of the crime shown to be that of an accused tends to show that he was at the scene of a crime, the attendant circumstances with respect to the print may show that he was at the scene of the crime at the time it was committed. If they do so show, beyond a reasonable doubt and to a moral certainty, it is a rational inference consistent with the rules of law both as to fingerprints, and as I instructed you, circumstantial evidence that the accused was the criminal agent or one [sic] the criminal agents.

"Now, I instruct you that fingerprint evidence, to be legally sufficient, must be coupled with evidence of other circumstances tending to reasonably to exclude the hypothesis that the prints were impressed at a time other than when the crime was committed. If, however, you have a reasonable doubt that the defendant's fingerprints were at the scene of the crime at the time it was committed, then you must find the defendant not guilty. That is, if you have a reasonable doubt. The burden is upon the State to show that it was the defendant's fingerprints that were found at the scene at time the crime was committed. The defendant has no burden whatsoever to show the prints were not his."

Pressley takes issue with the italicized portion of the instructions. His counsel objected to the trial judge (Watts, J.), stating in relevant part:

"I think it should be clear that the burden is upon the State to prove each and every element . . . including any — the evidence which comprises the element beyond a reasonable doubt. I don't want the jury to get the impression that with respect to circumstantial evidence, that they don't have to find that he is guilty beyond a reasonable doubt."

Judge Watts replied:

"I think I clearly covered that. What I was trying to say was, he doesn't have to prove somebody saw him go in or saw him come out. All they have are the fingerprints. That's what I meant. That's why I will leave it alone."

Pressley argues to us that this instruction "flies in the face of the truism that 'a chain is only as strong as its weakest link' "; that "the State must prove beyond a reasonable doubt that the defendant committed the crime in order to convict"; that here it "relied upon proof of a chain of seven facts"; that "[e]ach of these facts had to be proven in order for the chain of proof to link [Pressley] to the crime with which he was charged"; that "failure to prove any one of the 'links' in this chain of circumstantial evidence would break the connection between [Pressley] and the crime of which he was accused completely"; and that, since the standard of proof is beyond a reasonable doubt, "it necessarily follows that the failure to prove beyond a reasonable doubt any one of the facts necessary to link [Pressley] to the crime raises a reasonable doubt as to whether he was the person who committed the offense, and hence would require that he be acquitted."

The Court of Special Appeals relied upon its opinion in *Metz v. State,* 9 Md. App. 15, 262 A.2d 331 (1970). In that case Judge Orth quoted for the court from *Nichols v. State,* 5 Md. App. 340, 247 A.2d 722 (1968), *cert. denied,* 253 Md. 735 (1969), which he also wrote for that court. Both opinions quoted and relied upon 3 *Wharton's Criminal Evidence* § 980 at 477 (12th ed. 1955) for the proposition:

"[C]ircumstantial evidence need not be such that no possible theory other than guilt can stand. . . . It is *not necessary* that the circumstantial evidence exclude every possibility of the defendant's innocence, or produce an absolute certainty in the minds of the jurors. The rule does not require the jury to be satisfied beyond a reasonable doubt of each link

in the chain of circumstances relied upon to establish the defendant's guilt."

Citing 1 *Underhill's Criminal Evidence* § 17 at 23 and 25 (5th ed. 1956), it was stated in both *Nichols* and *Metz* relative to circumstantial evidence, after the reference to Wharton: "While it must afford the basis for an inference of guilt beyond a reasonable doubt, it is not necessary that each circumstance, standing alone, be sufficient to establish guilt, but the circumstances are to be considered collectively." 5 Md. App. at 351 and 9 Md. App. at 22. We quoted extensively from that portion of *Nichols* which cited and quoted from Wharton and Underhill in *Gilmore v. State*, 263 Md. 268, 292-93, 283 A.2d 371 (1971), *modified on other grounds*, 408 U.S. 940 (1972).

*People v. Franklin*, 341 Ill. 499, 173 N.E. 607 (1930), is cited by Wharton as its authority for the statement that to warrant conviction a jury need not be satisfied beyond a reasonable doubt of each link in a chain of circumstances relied upon to establish guilt. In discussing instructions the court there stated:

"The rule requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt in order to warrant a conviction does not require them to be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt, nor does the rule that each and every material allegation of the indictment must be proved beyond a reasonable doubt require that the jury be satisfied beyond a reasonable doubt of each link in the chain of circumstances. It is not necessary that each particular fact should be proved beyond a reasonable doubt if enough facts are proved to satisfy the jury, beyond a reasonable doubt, of all of the facts necessary to constitute the crime charged." 341 Ill. at 502.

That proposition continues to receive the endorsement of the Supreme Court of Illinois. *See, e.g., People v. Foster*, 76 Ill.2d 365, 374, 392 N.E.2d 6 (1979), and *People v. Dukett,*

56 Ill.2d 432, 441, 308 N.E.2d 590, *cert. denied,* 419 U.S. 965 (1974).

The reasoning behind an instruction such as that given here was well expressed in *Lampitt v. State,* 34 Wyo. 247, 242 P. 812 (1926), where the court said:

"Circumstantial evidence is not like a chain which falls when its weakest link is broken, but is like a cable. The strength of the cable, as stated in Ex parte Hayes, 6 Okla. Crim. [321,] 333 [-34], 118 Pac. [609,] 614 [(1911)]:

'does not depend upon one strand, but is made up of a union and combination of the strength of all its strands. No one wire in the cable that supports the suspension bridge across Niagara Falls could stand much weight, but when these different strands are all combined together, they support a structure which is capable of sustaining the weight of the heaviest engines and trains. We therefore think it is erroneous to speak of circumstantial evidence as depending on links, for the truth is that in cases of circumstantial evidence each fact relied upon is simply considered as one of the strands and all of the facts relied upon should be treated as a cable.' "

34 Wyo. at 267-68.

For discussion of the chain theory and the rope or cable theory of circumstantial evidence see 23 C.J.S. *Criminal Law* § 907 at 572-73 (1961).

In the peculiar circumstances of this case the instruction should not have been given because there was but one strand. This is so because there was no evidence other than the successive links of circumstantial evidence to connect the accused to the crime. *Lampitt* envisioned a case where the failure of a part of the circumstantial evidence would not remove an essential link. It was pointed out in *State v. Fitzpatrick,* 163 Mont. 220, 226, 516 P.2d 605 (1973):

"To find a person guilty beyond a reasonable doubt, each fact in a chain of circumstances that will establish guilt need not be proven beyond a reasonable doubt. What must be proven is that there is not a reasonable doubt arising from consideration of *all* the evidence in the case. State v. Medicine Bull, Jr., 152 Mont. 34, 445 P.2d 916 (1968); People v. Eddy, 123 Cal.App.2d 826, 268 P.2d 47, 52 (1954); People v. Kross, 112 Cal.App.2d 602, 247 P.2d 44, 51 (1952); People v. Deibert, 117 Cal.App.2d 410, 256 P.2d 355, 362 (1953)." (Emphasis in original.)

Our cases are consistent with the Montana opinion. For instance, in *State v. Foster,* 263 Md. 388, 283 A.2d 411 (1971), *cert. denied,* 406 U.S. 908 (1972), an accused took issue with an instruction which included a comment by the trial judge that he had "heard no testimony from Simms' lips or from that of the other eye witness, Vernice Smoot, to support the statement that either one was an accomplice," but that the State had indicted Simms as a codefendant and thus if the jury "should conclude that he was an accomplice for any reason," then the instruction relative to accomplices which the trial judge proceeded to give was appropriate. The Court of Special Appeals reversed the conviction because of the instruction relative to "heard no testimony." We reinstated the conviction. Judge Digges said for the Court:

"In this case, the defendant has simply extracted one brief sentence from the judge's entire instructions, misconstrued its content and based a claim for reversible error squarely upon it. It is a well established rule that when objection is raised to a court's instruction, attention should not be focused on a particular portion lifted out of context, but rather its adequacy is determined by viewing it as a whole. *Alston v. Forsythe* (and cases cited therein) 226 Md. 121, 135, 172 A.2d 474 (1961); *Christ v. Wempe,* 219 Md. 627, 639, 150 A.2d 918 (1959); *Reindollar v. Kaiser,* 195 Md. 314, 319-20, 73 A.2d

493 (1950); *Shotkosky v. State,* 8 Md. App. 492, 508, 261 A.2d 171 (1970); *Graef v. State,* 1 Md. App. 161, 171, 228 A.2d 480 (1967). We, therefore, conclude that the trial court committed no reversible error." 263 Md. at 397.

Later in *State v. Garland,* 278 Md. 212, 362 A.2d 638 (1976), Chief Judge Murphy said for the Court:

> "It is, of course, clear that in viewing instructions as a whole, attention should not be focused on a particular portion lifted out of context, but rather their adequacy must be determined by viewing them as an entirety. *State v. Foster,* 263 Md. 388, 283 A.2d 411 (1971) [, *cert. denied,* 406 U.S. 908 (1972)]. As the concurring opinion in *Mullaney* [*v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975),] noted, instructions to the jury are not to be judged in artificial isolation but must be viewed in the context of the overall charge. 421 U.S. at 684. We think these principles are applicable in the circumstances of this case and we find no violation of *Mullaney* or [*In re*] *Winship* [, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)]. *See State v. Evans,* [278 Md. 197, 362 A.2d 629 (1976)]." 278 Md. at 220.

As *Garland* indicates, our position is entirely in line with the holdings of the Supreme Court. See, *e.g., United States v. Park,* 421 U.S. 658, 674, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975).

Here the trial judge in his instruction stated repeatedly that in order to convict it was necessary for the jury to be convinced beyond a reasonable doubt of Pressley's guilt. There was no room for misunderstanding. Thus, viewing the charge as a whole, we find no reversible error.

*Judgment affirmed; appellant to pay the costs.*

*Davidson, J., dissenting:*

I agree with the majority that the trial court's instruction concerning the State's burden of proof with respect to each link in a chain of circumstantial evidence was erroneous. I further agree that in determining whether that erroneous instruction requires reversal, it must be viewed in the context of the instructions as a whole. However, I do not agree with the majority that viewed in the context of the instructions as a whole, the trial court's erroneous instruction left "no room for misunderstanding."

I recognize, as stated by the majority, that in its instructions, the trial court "stated repeatedly that in order to convict it was necessary for the jury to be convinced beyond a reasonable doubt of Pressley's guilt." However, the trial court's erroneous instruction that the jury was " 'not required to be satisfied beyond a reasonable doubt as to each link in a chain of circumstances necessary to establish defendant's guilt,' " affirmatively contradicted the repeated general instructions concerning the State's burden of proof. Under these circumstances, misunderstanding was inevitable. Accordingly, in my view, the trial court's erroneous instruction, even when viewed in context, was confusing and misleading, and, therefore, requires reversal. *Battle v. State,* 287 Md. 675, 685, 414 A.2d 1266, 1271 (1980); *State v. Grady,* 276 Md. 178, 185-86, 345 A.2d 436, 440 (1975).

The majority's conclusion that "[t]here was no room for misunderstanding" not only defies logic and common sense, but also is contrary to a long line of this Court's decisions. For over 125 years, this Court has consistently recognized that when a trial court gives a jury both a correct and an incorrect instruction upon the same issue, reversal is required. *Grady,* 276 Md. at 185-86, 345 A.2d at 440; *Wintrobe v. Hart,* 178 Md. 289, 299-300, 13 A.2d 365, 370 (1940); *Baltimore & Ohio R.R. v. Blocher,* 27 Md. 277, 285-86 (1867); *Adams v. Capron,* 21 Md. 186, 206 (1864); *Haney v. Marshall,* 9 Md. 194, 215-16 (1856).

As long ago as 1856, in *Haney v. Marshall,* 9 Md. 194 (1856), this Court said:

"The defendant's counsel insists, that even if this objection to the prayer is a valid one, when considered without reference to the instruction given in lieu of the first prayer, yet, as that instruction gave the law correctly to the jury, upon the same subject, there can be no reversal on account of the supposed error in the prayer. *But as it appears the instruction and the prayer were both given, if one is correct, and the other is erroneous, how is it to be ascertained by which the jury were governed?* This is not like the case where several prayers have been offered, some or all of which have been refused, and an instruction given by the court which covers the whole ground. There, although some of the prayers refused should be correct, still the rejection of them will not cause the judgment to be reversed, because the party whose prayers are refused has sustained no injury. *But this court cannot refuse to reverse, on account of no injury having been done, by a prayer either erroneously granted or rejected, unless the record clearly shows the absence of injury. How can that be shown when, on the same subject, a correct and incorrect instruction have been given? there being no means of knowing which had an influence on the decision of the jury." Haney,* 9 Md. at 215-16 (emphasis added).

More recently, in *State v. Grady,* 276 Md. 178, 345 A.2d 436 (1975), a case similar to the instant case, this Court considered the question whether a trial court's contradictory instructions on the burden of proof required reversal. There, the trial court instructed the jury as follows:

" 'Now, there is evidence in this case, or been offered in this case, or introduced, the defendant was not present at the time and the place where the offenses allegedly were committed. This may be referred to as a defense of alibi. The Court tells you that a defense of alibi is a legitimate, legal and proper defense. The defendant may not be convicted

of the offense with which he is charged *unless the government proves beyond a reasonable doubt that the defendant was present* at the time when, and at the place where, the offenses were committed.

" 'If, after a full and fair consideration of all the facts and circumstances in evidence, you find that *the government has failed to prove beyond a reasonable doubt that the defendant was present* at the time when, and the place where, the offense charged was allegedly committed, you must find the defendant not guilty.

" 'With reference to alibi, a defendant may be entitled to acquittal if you believe the alibi testimony as his not being present at a time and place of the alleged offense, by taking into consideration this testimony with all the other evidence raising a reasonable doubt of guilt, *but in order to prove an alibi conclusively,* the testimony must cover the whole time in which the crime by any possibility might have been committed, and it should be subjected to rigid scrutiny.' " *Grady,* 276 Md. at 180-81, 345 A.2d at 437-38 (emphasis deleted) (additional emphasis added).

This Court, recognizing that the trial court had both correctly instructed the jury that the State had the burden of proof, and incorrectly instructed the jury that the defendant had the burden of proof, said:

"Turning to the jury instructions in this case, we make the threshold observation that *they must be viewed as a whole and that portions should not be read out of their proper context.* Reading this instruction in that light, we conclude that it was improper to explain alibi testimony as did the trial judge since, at the very least, one rational interpretation of the words used would place an impermissible burden of proof upon the respondent. *The Achilles' heel of the instruction is that it could be understood as meaning that, while the State*

*must prove its case against the accused beyond a reasonable doubt, the defendant has the responsibility of establishing his alibi, and apparently must even do so conclusively.* Though, from the trial judge's words, the jury may have properly construed the respondent's obligation, we must assume that the improper inference was drawn because the latter portion of the instruction, quoted earlier in this opinion, is misleading, ambiguous and confusing. Since the defendant-respondent, as a matter of law, assumed *no* burden of persuasion with respect to his alibi evidence, *the inference to the contrary in the instruction constitutes reversible error." Grady,* 276 Md. at 185-86, 345 A.2d at 440 (citations omitted) (additional emphasis added).

Thus, this Court recently acknowledged that when a trial court gives a jury a correct and an incorrect instruction upon the same issue reversal is required.

I can find no justification for departing from this well-established Maryland principle. In my view, the cases relied upon by the majority to support its contrary conclusion do not provide an adequate rationale. Indeed, the cases relied upon by the majority involve broad, general principles of law, which are taken out of context without any consideration of their applicability to the facts of the instant case. In none of the cases relied upon by the majority did the trial court give the jury an erroneous instruction that affirmatively contradicted other of its instructions.[1] Accordingly, the cases relied upon by the majority are inapposite.

Given my view that the majority's conclusion is unsupported and indeed is contradicted by precedent, logic, and common sense, I respectfully dissent. When all is said and done, in this criminal case, the trial court gave the jury an erroneous instruction concerning the State's burden

---

[1]. United States v. Park, 421 U.S. 658, 674-75, 95 S.Ct. 1903, 1912-13 (1975); State v. Garland, 278 Md. 212, 219-20, 362 A.2d 638, 642 (1976); State v. Foster, 263 Md. 388, 395-97, 283 A.2d 411, 414-15 (1971), *cert. denied,* 406 U.S. 908, 92 S.Ct. 1616 (1972).

of proof that affirmatively contradicted other of its general instructions on that issue. Thus, when viewed in context, the trial court's erroneous instruction was confusing and misleading, and requires reversal. Accordingly, I would reverse and remand for a new trial.