Kerry N. EDELEN, Appellant,

v.

UNITED STATES, Appellee.

No. 87–815.

District of Columbia Court of Appeals.

Argued May 17, 1989.
Decided June 20, 1989.

---

**528**

Mary C. Kennedy, Public Defender Service, with whom James Klein and Joy A. Kruse, Washington, D.C., were on the brief, for appellant.

Susan B. Dohrmann, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell, and Charles Hall, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and MACK, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

A jury convicted Edelen of one count each of rape while armed,[1] first-degree burglary while armed,[2] sodomy,[3] and carrying a pistol without a license.[4] On appeal, he challenges only the burglary conviction, contending that the evidence adduced at trial was sufficient solely to support a conviction for second degree burglary while armed. We disagree, and affirm.

### I

The facts pertinent to the issue on appeal in this case are few.[5] On September 10, 1986, the complainant encountered appellant in the hallway outside her apartment. Instead of engaging her in conversation, however, appellant produced a handgun from beneath his jacket, held it to her head and told her to open her apartment door so he could "go in there and rape [her] and kill [her]."

The complainant complied with appellant's directive. She took the key from her purse, opened the door, and stepped into her apartment. Appellant followed immediately behind, and shut the door after him. He then raped her twice and sodomized her. The police apprehended appellant in the apartment a few hours later.

### II

■ It is undisputed that appellant committed an armed burglary; he entered a dwelling while armed with a handgun with the intent to commit a felony therein—the rape of the complainant. *See Strickland v. United States*, 332 A.2d 746, 748 (D.C.), *cert. denied*, 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975); D.C.Code §§ 22–1801(b), 22–3202(a)(1). The only issue is one of the degree of that burglary. Under the applicable statute, a person is guilty of burglary in the first degree if, at the time of entry, "any person is in any part" of the dwelling. D.C.Code § 22–1801(a).[6] If, however, the

---

1. D.C.Code §§ 22–2801 (1981), 22–3202(a)(1) (1988 Supp.).

2. *Id.* §§ 22–1801(a) (1981), 22–3202(a)(1).

3. *Id.* § 22–3502 (1981).

4. *Id.* § 22–3204 (1981).

5. We view the evidence in this case and all reasonable inferences therefrom in the light most favorable to the government. *See Stack v.* United States, 519 A.2d 147, 159–60 (D.C.1986); *Glascoe v. United States*, 514 A.2d 455, 457 (D.C. 1986).

6. The statute reads, in pertinent part:
   § 22–1801
      (a) Whoever shall ... break and enter, or enter without breaking, any dwelling ... with intent ... to commit any criminal offense, shall, if any person is in any part of such dwelling or sleeping apartment at the time of such breaking and entering or entering with-

dwelling is vacant at the time of the entry, the offense is one of burglary in the second degree. *See id.* § 22–1801(b).[7] Appellant argues that because he forced the complaining witness into her apartment at gunpoint, "steps ahead and seconds before" him, he cannot be convicted of burglary in the first degree because the complainant was not "in" the apartment as contemplated by the statute.

### A.

"It is a basic principle of statutory construction ... that the plain and ordinary meaning of a word used in a statute is the meaning intended by the legislature, absent legislative history or other indication to the contrary." *Swinson v. United States,* 483 A.2d 1160, 1163 (D.C.1984) (citing *Caminetti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). The intent of the legislature in regard to § 22–1801(a) is clear from the ordinary meaning of its words; the statute seeks to punish any entry, with the intent to commit a crime, of a dwelling at a time when another person is located anywhere within the confines of that dwelling. As appellant concedes, there is no indication in the legislative history [8] to the contrary, nor are we able to discern such an indication from any other source.

Here, testimony introduced at trial showed that the complaining witness entered her apartment before appellant, who followed behind her. She was thus physically in the apartment prior to his entry. Consequently, when he entered the apartment with the intent to rape her he did so when "any person [was] in any part of such dwelling," D.C.Code § 22–1801(a), and his actions thus constituted all the elements of burglary in the first degree. *Cf. Watson v. United States,* 524 A.2d 736, 737–38 (D.C. 1987) (defendant convicted of first-degree burglary entered house just seconds after complainant with intent to commit sodomy).[9]

### B.

■ Appellant posits an ancillary argument which *requires some discussion.* He contends that his entry of the complainant's apartment began not when his body passed over the threshold, but when he and the complainant were both still outside and he "drew the gun on [her] and told her to open the door," thereby gaining the ability to enter the apartment. Thus, he argues, regardless of the definition of the term "in," the apartment was vacant at the time of "entry" since the two were still outside in the common hallway. We disagree.

out breaking ... be guilty of burglary in the first degree....

**7.** This section reads:
§ 22–1801
(b) Except as provided in subsection (a) of this section, whoever shall ... break and enter, or enter without breaking, any dwelling ... with intent to ... commit any criminal offense, shall be guilty of burglary in the second degree....

**8.** *Crime and Criminal Procedure in the District of Columbia,* S.Rep. No. 912, 90th Cong., 1st Sess. (1967).

**9.** Appellant argues that the term "in" as used in the statute means "occupying," and that the latter term refers to "a person who has chosen to conduct her activities in the personal safety of the home." Therefore, he argues, because he forced the complainant into her home, she was not occupying it at the time and thus cannot be considered to have been "in" it.

This argument is without merit. First, nowhere in our cases have we construed the term "in" as used in this statute to mean occupy. We decline to do so now, for to do so would be to *depart from the common usage* of that term. In any event, the ordinary meaning of the term "occupy" is (1) to be temporally or spatially extant in or (2) to reside in as an owner or tenant, *see Webster's Third New International Dictionary* 1561 (1971), meanings not inconsistent with a determination that the complainant was in the apartment at the time the offense was committed. Finally, appellant's reliance on the wording of the standard burglary jury instruction which states, in part, that the government must prove "that at the time of entry, any part of the dwelling ... was *occupied....*" Criminal Jury Instructions for the District of Columbia, No. 4.42 (3d ed. 1978) (the Redbook) (emphasis added), is misplaced. We note, as we have done on several occasions, that Redbook instructions are neither the law nor necessarily a correct statement thereof. *See, e.g., Tibbs v. United States,* 507 A.2d 141 (D.C.1986) (Instruction No. 4.68).

Entry as an element of a burglary is established by the penetration into a dwelling or similar edifice by any part of the defendant's body or by any instrument inserted into the edifice by the defendant to gain entry. *See Perry v. State,* 407 So.2d 183, 185 (Ala.Crim.App.1981); *People v. King,* 61 N.Y.2d 550, 555, 463 N.E.2d 601, 603, 475 N.Y.S.2d 260, 262 (1984); *Commonwealth v. Gordon,* 329 Pa.Super. 42, 53–55, 477 A.2d 1342, 1348 (1984). The entry in this case thus occurred when appellant's foot first crossed the threshold, by which time the complainant was already inside the apartment. It was at that point that the crime was complete, and not before.

### III

In sum, appellant, armed with a handgun, entered a dwelling in which the complaining witness was located in order to rape her. Consequently, we determine that the evidence was sufficient for a reasonable juror to conclude beyond a reasonable doubt that appellant committed burglary in the first degree while armed. The judgment of conviction is therefore *Affirmed.*