627 A.2d 1029

**Wayne Sylvester HEBRON**

**v.**

**STATE of Maryland.**

**No. 98, Sept. Term, 1992.**

Court of Appeals of Maryland.

July 22, 1993.

220

Gina M. Serra, Asst. Public Defender, argued and on brief (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Tarra DeShields–Minnis, Asst. Atty. Gen., argued and on brief (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals (Retired, Specially Assigned).

ROBERT M. BELL, Judge.

At issue in this case is whether the proposition that a conviction based solely on circumstantial evidence cannot stand unless the circumstances are inconsistent with any reasonable hypothesis of innocence is a proper subject of jury instruction or simply a matter of evidentiary sufficiency. The Court of Special Appeals held that it is the latter. *Hebron v. State*, 92 Md.App. 508, 608 A.2d 1291, *cert. granted*, 328 Md. 462, 615 A.2d 262 (1992). We agree.

## I.

The petitioner, Wayne Hebron, appeals his convictions, entered in the Circuit Court for Montgomery County, for breaking and entering a dwelling house, attempted breaking and entering, and destruction of property. At trial, two individuals who resided in the victim's development testified. Although neither witnessed the breaking of the victim's door frame, both identified the petitioner, in a line-up, as the driver of the car that was parked in the area just prior to the incident. One witness testified that she saw the petitioner

park the car near the victim's home and, walking between two buildings, proceed in the direction of that home. She then heard a loud "bash bang" noise. About twenty seconds later, she saw the petitioner emerge from between the two buildings, get into his car, and drive away. The second witness could only testify to seeing the driver; she did not see him approach the building.

After the trial judge instructed the jury that,

There are two types of evidence; direct and circumstantial. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching your verdict, you should weigh all the evidence presented, whether it be direct or circumstantial,

the petitioner requested that it also be instructed that "If you can draw more than one reasonable inference from the circumstantial evidence, then [the petitioner] must be found not guilty." The trial judge refused. The jury having returned guilty verdicts, the petitioner was sentenced to three years imprisonment for breaking and entering and a concurrent sixty day term of imprisonment for destruction of property.[1] The Court of Special Appeals affirmed. This case is now before this Court pursuant to the writ of certiorari which we issued at the petitioner's request.

## II.

Relying on the principle enunciated in *West v. State,* 312 Md. 197, 539 A.2d 231 (1988), the petitioner argues that, in a case in which the evidence consists only of circumstantial evidence, a jury instruction on reasonable hypothesis of innocence should be propounded. Specifically, he maintains that, because a different standard is employed when determining

---

1. The petitioner has not raised an issue concerning the destruction of property conviction; hence, it is not before us. The trial court merged the attempted breaking and entering conviction into the breaking and entering conviction.

the appropriateness of a jury instruction than when weighing evidentiary sufficiency, the Court of Special Appeals erred in holding that the reasonable hypothesis of innocence principle is a matter of evidentiary sufficiency and not properly the subject of a jury instruction; determining whether a rational trier of fact could find proof beyond a reasonable doubt should not relieve the trial judge of the responsibility of properly instructing the jury. As the petitioner sees it, therefore, the question is whether Maryland Rule 4–325(c) [2] requires that a reasonable hypothesis of innocence instruction be propounded, not whether the evidence to support the conviction is sufficient.

Rejecting the petitioner's arguments, the State contends that such an instruction is confusing and wholly unnecessary, when, as here, the jury is properly instructed on the reasonable doubt standard. Additionally, the State agrees with the intermediate appellate court that the circumstantial evidence principle is a rule of evidentiary sufficiency, a matter for determination by the judge, not the jury.

### III.

### A.

When it reviewed the case, on appeal, the Court of Special Appeals rejected the petitioner's jury instruction argument. After examining the way direct and circumstantial evidence are treated in this State and analyzing the Supreme Court's decision in *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the intermediate appellate court stated,

---

2. Maryland Rule 4–325(c) provides:

   *How Given.*—The court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding. The court may give its instructions orally, or, with the consent of the parties, in writing instead of orally. The court need not grant a requested instruction if the matter is fairly covered by instructions actually given.

Equally cogent in our view is the fact that, under the language used in *Wilson [v. State*, 319 Md. 530, 573 A.2d 831 (1990) ] and earlier cases, the issue raised by a case resting entirely on a single strand of circumstantial evidence is not one of reasonable doubt, which is for the jury to determine, but of evidentiary sufficiency, which is for the judge to determine. *Wilson* ... confirmed that a conviction based solely on a single strand of circumstantial evidence "is not to be sustained" unless the circumstances, taken together, are inconsistent with any reasonable hypothesis of innocence.

This is, and always has been, a rule relating to evidentiary sufficiency.

92 Md.App. at 516–17, 608 A.2d at 1296. The court went on to hold:

[W]here the defendant posits that the State's evidence consists of a single strand of circumstantial evidence that is not inconsistent with a reasonable hypothesis of innocence, he is effectively charging that the evidence is legally insufficient. If that claim is made timely and properly, it is incumbent upon the judge to rule upon it as a matter of law, in the context of a motion for judgment of acquittal. If the motion is granted, of course, the count(s) to which it applies may not be submitted to the jury. If the motion is denied, the court must instruct on reasonable doubt, but should not supplement that instruction with any special focus on hypotheses arising from circumstantial evidence.

*Id.* at 519–20, 608 A.2d at 1297.

**B.**

It is well settled, in this State, that a conviction upon circumstantial evidence alone will not be sustained unless the circumstances, taken together, are inconsistent with any reasonable hypothesis of innocence. *Wilson v. State,* 319 Md. 530, 537, 573 A.2d 831, 834 (1990); *West v. State,* 312 Md. 197, 211–12, 539 A.2d 231, 238 (1988); *Brown v. State,* 222 Md. 290, 296, 159 A.2d 844, 847 (1960); *Vincent v. State,* 220 Md. 232,

237, 151 A.2d 898, 901 (1959); *Shelton v. State*, 198 Md. 405, 411–412, 84 A.2d 76, 80 (1951). This principle has often been the subject of jury instructions.

The rationale underlying the giving of the circumstantial evidence jury instruction requested here is the notion that circumstantial evidence is inherently suspicious and less trustworthy than direct evidence. *Holland*, 348 U.S. at 139–40, 75 S.Ct. at 137, 99 L.Ed. at 166. That proposition is not universally accepted. The Supreme Court of Washington, in *State v. Gosby*, 85 Wash.2d 758, 765–67, 539 P.2d 680, 685 (1975), stated:

> ... whether direct evidence or circumstantial evidence is more trustworthy and probative depends upon the particular facts of the case and no generalizations realistically can be made that one class of evidence is per se more reliable than is the other class of evidence. Obviously, since circumstantial evidence is not per se less reliable than is direct evidence, there is no need to give the multiple-hypothesis instruction when circumstantial evidence is involved.

The *Holland* Court has also rejected it:

> There is some support for this type of instruction in the lower court decisions, but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect.
>
> Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

348 U.S. at 139–40, 75 S.Ct. at 137–38, 99 L.Ed. at 166–67 (citations omitted). The *Holland* rationale is now followed in

the federal courts, *see United States v. Fiore,* 821 F.2d 127, 128 (2d Cir.1987); *United States v. Rodriguez,* 808 F.2d 886, 890 (1st Cir.1986); *United States v. Stone,* 748 F.2d 361, 362 (6th Cir.1984), *cert. denied,* 498 U.S. 822, 111 S.Ct. 71, 112 L.Ed.2d 45 (1990); *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982), and has been embraced by a number of states. *See Henry v. State,* 298 A.2d 327 (Del.1972); *State v. O'Connell,* 275 N.W.2d 197 (Iowa 1979); *Commonwealth v. Kinney,* 12 Mass.App. 915, 423 N.E.2d 1017 (1981); *State v. Turnipseed,* 297 N.W.2d 308 (Minn.1980); *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991); *Johnson v. State,* 632 P.2d 1231 (Okl.Crim.1981); *State v. Roddy,* 401 A.2d 23 (R.I.1979); *State v. Stokes,* 299 S.C. 483, 386 S.E.2d 241 (1989); *State v. Eagle,* 611 P.2d 1211 (Utah 1980); *State v. Derouchie,* 140 Vt. 437, 440 A.2d 146 (1981). *But see Roy v. State,* 375 So.2d 1289 (Ala.Cr.App.1979); *Mercer v. State,* 169 Ga.App. 723, 314 S.E.2d 729 (1984); *State v. Holman,* 109 Idaho 382, 707 P.2d 493 (App.1985); *Adams v. State,* 542 N.E.2d 1362 (Ind.App. 1989); *Stringfellow v. State,* 595 So.2d 1320 (Miss.1992); *People v. Ford,* 66 N.Y.2d 428, 497 N.Y.S.2d 637, 488 N.E.2d 458 (1985); *State v. Alston,* 35 N.C.App. 691, 242 S.E.2d 523 (1978); *State v. Smith,* 178 W.Va. 104, 358 S.E.2d 188 (1987); *State v. Poellinger,* 153 Wis.2d 493, 451 N.W.2d 752 (1990).

## C.

Maryland has long held that there is no difference between direct and circumstantial evidence. *Wiggins v. State,* 324 Md. 551, 567, 597 A.2d 1359, 1367 (1991); *Wilson,* 319 Md. at 536, 573 A.2d at 834; *West,* 312 Md. at 211–12, 539 A.2d at 238; *Pressley v. State,* 295 Md. 143, 148–49, 454 A.2d 347, 383–84 (1983); *Gilmore v. State,* 263 Md. 268, 292–93, 283 A.2d 371, 383–84 (1971), *vacated in part, Gilmore v. Maryland,* 408 U.S. 940, 92 S.Ct. 2876, 33 L.Ed.2d 763 (1972). In the latter case, we stated the proposition thusly:

"The law makes no distinction between direct evidence of a fact and evidence of circumstances from which the existence of a fact may be inferred. No greater degree of certainty is required when the evidence is circumstantial

than when it is direct, for in either case the trier of fact must be convinced beyond a reasonable doubt of the guilt of the accused."

*Gilmore,* 263 Md. at 292, 283 A.2d at 383, quoting *Nichols v. State,* 5 Md.App. 340, 350, 247 A.2d 722, 728 (1968), *cert. denied,* 252 Md. 735 (1969). In that case, the Court concluded that the evidence, which was solely circumstantial, was such as to exclude any reasonable hypothesis or theory of innocence. The Court then opined:

> " '[C]ircumstantial evidence need not be such that no possible theory other than guilt can stand.... It is not necessary that the circumstantial evidence exclude every possibility of the defendant's innocence, or produce an absolute certainty in the minds of the jurors. The rule does not require that the jury be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt.' 3 *Wharton's Criminal Evidence* (12th Ed.1955) § 980, p. 477. While it must afford the basis for an inference of guilt beyond a reasonable doubt, it is not necessary that each circumstance, standing alone, be sufficient to establish guilt, but the circumstances are to be considered collectively. 1 *Underhill's Criminal Evidence* (5th Ed.1956) § 17, p. 23 and p. 25."

263 Md. at 293, 283 A.2d at 384, quoting *Nichols,* 5 Md.App. at 351, 247 A.2d at 729. *See also In re Bennett,* 301 Md. 517, 530–31, 483 A.2d 1242, 1248–49 (1984); *Bowers v. State,* 298 Md. 115, 154–55, 468 A.2d 101, 121–22 (1983).

In *Pressley,* a case involving but one strand of circumstantial evidence, 295 Md. at 150, 454 A.2d at 350, the defendant urged that, in the case of circumstantial evidence consisting of a number of disconnected and independent facts, each fact must be proved beyond a reasonable doubt. The Court rejected the argument, noting that, where that situation exists,

> "[c]ircumstantial evidence is not like a chain which falls when its weakest link is broken, but is like a cable. The strength of the cable, as stated in *Ex parte Hayes,* 6 Okla.Crim. [321,] 333[–34], 118 Pac. [609,] 614 [ (1911) ]:

'does not depend upon one strand, but is made up of a union and combination of the strength of all its strands. No one wire in the cable that supports the suspension bridge across Niagara Falls could stand much weight, but when these different strands are all combined together, they support a structure which is capable of sustaining the weight of the heaviest engines and trains. We therefore think it is erroneous to speak of circumstantial evidence as depending on links, for the truth is that in cases of circumstantial evidence each fact relied upon is simply considered as one of the strands and all of the facts relied upon should be treated as a cable.' "

295 Md. at 150, 454 A.2d at 350, quoting *Lampitt v. State*, 34 Wyo. 247, 267–68, 242 P. 812, 818 (1926). Conversely, *albeit* only implicitly, the Court recognized that "[o]nly when there is 'but one strand' of evidence or successive links of evidence connecting the defendant to the crime must the trier of fact be satisfied beyond a reasonable doubt as to each link in the chain of circumstances necessary to establish the defendant's guilt." *Wilson*, 319 Md. at 536, 573 A.2d at 834. This is no more than a restatement of the settled proposition that a finding of guilt cannot be based on evidence that equally supports an inference of innocence as well as of guilt.

The Court of Special Appeals was correct, therefore, *see* *Hebron*, 92 Md.App. at 515, 608 A.2d at 1295, when it concluded that where the circumstantial evidence consists of more than a single strand, the *West* proposition does not apply. Indeed, in that circumstance, "an instruction requiring the exclusion of reasonable hypothesis of innocence is not only unwarranted, but improper." *Id.* This is so because, in such a case, the circumstances, taken together and viewed from the State's perspective, are inconsistent with, although not absolutely dispositive of, the defendant's innocence.

■ A conviction may be sustained on the basis of a single strand of circumstantial evidence or successive links of circumstantial evidence. *Wilson*, 319 Md. at 536, 573 A.2d at 834. It is only when that evidence is also consistent with a reasonable

hypothesis of innocence that it is insufficient. The question thus becomes when is a single strand or successive links of circumstantial evidence consistent both with guilt and innocence? *Wilson* is illustrative.

In that case, the defendant was convicted of stealing three rings from a room in a house that he had been hired to clean. On the day when the rings were discovered missing, the State's evidence showed—the defendant having elected to remain silent and to present no evidence—that the defendant was one of at least seven people who had access to the rings, the other six of whom were either relatives of the owner of the rings or visitors. One of the visitors, the evidence revealed, used the bathroom which was located next door to the bedroom in which the rings were located. In considering the case, the trial judge acknowledged that he could find the defendant guilty if the facts did not permit a reasonable hypothesis consistent with the defendant's innocence. Concluding that it would be unreasonable to assume that one of the others having access to the rings, including the visitor, was a thief, the judge found the defendant guilty. He said: "Sure, there is another possible explanation. I don't think there is another reasonable explanation." 319 Md. at 535, 573 A.2d at 833.

We reversed. We noted first that the evidence of the defendant's guilt was solely circumstantial—he was not seen stealing the rings; the rings were not found in his possession; he was not seen in the closet where the rings were kept or even in the bedroom, and no fingerprints belonging to the defendant were found in the closet or the bedroom. We also pointed out that authorized, but non-exclusive, presence at the scene of the crime, while a factor, and an important one, is not sufficient in itself to establish criminal agency. We concluded that the circumstantial evidence adduced did not exclude all reasonable hypotheses of the defendant's innocence. The Court said:

> Considering the circumstantial evidence adduced in this case, we conclude that it would not permit a rational factfinder to find, beyond a reasonable doubt, that it was inconsis-

tent with any reasonable hypothesis of Wilson's innocence. On the record before us, it was at least a reasonable hypothesis that someone in the house on March 10 other than Wilson took the rings. In this regard, the State did not present any evidence to negate such a hypothesis. It did not call Koller, Welch or Kate as witnesses to permit the trial judge to evaluate their activities on March 10, to assess their credibility, and to exclude them as suspects. The State might have presented evidence bearing on whether the cleaning service sent other workers to the residence on March 10. It might have elicited testimony elaborating on the circumstances behind the missing fourth ring. In any case, the solely circumstantial evidence produced by the State was legally insufficient to sustain Wilson's conviction.

319 Md. at 538, 573 A.2d at 835.

*West* is also instructive. There, the defendant was convicted of robbery, assault with intent to rob, simple assault, and theft, principally on evidence that he attempted to cash a stolen money order. In addition to that evidence, however, the evidence showed that the defendant entered the drugstore accompanied by another young man and there was testimony from the victim's son that the defendant was not the person who snatched the victim's purse. Relying on the additional evidence, the defendant challenged the propriety of inferring that he was the thief from his possession of stolen property. He argued, "the direct evidence that he was not the purse snatcher, coupled with the fact that he was accompanied by another young man when he first came to the drugstore with the money order, vitiates the inference that he was the thief of Mrs. Guilford's purse, leaving intact only the inference that he was the receiver of the stolen money order." 312 Md. at 208, 539 A.2d at 236.

We agreed with the defendant. We found persuasive the principle enunciated in *Jordan v. State,* 219 Md. 36, 46–48, 148 A.2d 292, 298–99 (1959) and *People v. Galbo,* 218 N.Y. 283, 290–94, 112 N.E. 1041–1044 (1916), that where the uncontradicted facts are such as to render each of two equally reasonable inferences, one consistent with guilt of a greater offense

and the other, guilt of a lesser offense, the defendant may be convicted only of the latter. This principle was, we said, in accord with another, "deeply rooted in the common law, that a conviction upon circumstantial evidence *alone* is not to be sustained unless the circumstances are inconsistent with any reasonable hypothesis of innocence." 312 Md. at 211–212, 539 A.2d at 238. We explained:

> [I]n the present case, the evidence—possession of the stolen money order—supports these two inferences: that West was a thief, ergo the purse snatcher; or, that someone else—quite possibly the youth who accompanied West into the drugstore—was the thief, and West was the one to whom the thief may have entrusted the money order, with the aim of having it converted to cash. As in *Jordan* and *Galbo*, in the present case there is evidence that weighs against the inference implicating the more serious offense, here robbery. This contrary evidence is the testimony of Mrs. Guilford's son that West was not the purse snatcher. On these facts we think the principles applied in *Jordan* and *Galbo* require the conclusion that West was the receiver not the purse snatcher.

312 Md. at 211, 539 A.2d at 238.

The evidence of the defendant's guilt in both *Wilson* and *West* was purely circumstantial: In *Wilson*, it was that the defendant had access to the stolen property and, in *West*, it was, as we have seen, the fact that the defendant possessed stolen property. Moreover, in both *Wilson* and *West*, there was evidence undermining the inference from the evidence that the defendant was guilty, thus, supportive of the defendant's innocence. In *West*, that evidence was direct—eyewitness testimony negating the defendant's criminal involvement in the theft. In *Wilson*, the evidence was, like the evidence of his guilt, circumstantial, *i.e.*, evidence that other persons had access to the stolen property.

### D.

■ Critical to the resolution of both *Wilson* and *West* was the constitutional standard of review for sufficiency of evi-

dence. *Wilson,* 319 Md. at 535–36, 573 A.2d at 833–34; *West,* 312 Md. at 207, 539 A.2d at 235–36. That standard, as enunciated by *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979) and reiterated by this Court, *see e.g. Wilson,* 319 Md. at 535, 573 A.2d at 833; *West,* 312 Md. at 207, 539 A.2d at 236; *Dixon v. State,* 302 Md. 447, 450, 488 A.2d 962, 963 (1985), is "whether, after considering the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Stated differently, without regard to the weight of the evidence adduced, *see Garrison v. State,* 272 Md. 123, 128, 321 A.2d 767, 770 (1974), "[t]he test used in determining the sufficiency of the evidence for either court or jury trial is whether the evidence shows directly or supports a rational inference of the facts to be proved, from which the trier of fact could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged." *Wilson,* 319 Md. at 535–36, 573 A.2d at 834. *See also Bedford v. State,* 293 Md. 172, 175, 443 A.2d 78, 80 (1982). The task of determining the sufficiency of the evidence is entrusted, in the first instance, to the trial judge. Md. Const., art. XXIII; *Montgomery v. State,* 292 Md. 84, 87, 437 A.2d 654, 656 (1981); *Woodell v. State,* 223 Md. 89, 93, 162 A.2d 468, 471 (1960). That has not always been the case.

Until 1949, the Maryland Constitution provided that "In the trial of all criminal cases, the Jury shall be the Judges of Law, as well as of fact." *See* 1867 Md. Const., art. XV, § 5; 1864 Md. Const., art. XII, § 4; 1851 Md. Const., art. X, § 5. At that time, it was the jury that determined the definition of the crime charged, as well as the legal effect of the evidence, *Beard v. State,* 71 Md. 275, 280, 17 A. 1044, 1045 (1889). In 1950, the voters adopted the amendment proposed by ch. 407, Acts of 1949, which added to then art. XV, § 5, "except that the Court may pass upon the sufficiency of the evidence to sustain a conviction." *See also* ch. 596, Acts of 1949, implementing the new provision by statute. Current Article 23 of the Maryland Declaration Rights, which now reads, "In the trial of all criminal cases, the Jury shall be the Judges of Law,

as well as of fact, except that the Court may pass upon the sufficiency of the evidence to sustain a conviction," makes clear that the sufficiency of the evidence is a matter of law for the judge to determine. We have held that this provision means that, although the jury is the sole judge of the facts, the jury's role with respect to the law is limited to resolving conflicting interpretations of the law of the crime and determining whether that law should be applied in dubious factual situations. *See Barnhard v. State*, 325 Md. 602, 612–13, 602 A.2d 701, 706–07 (1992); *In re Petition for Writ of Prohibition*, 312 Md. 280, 318, 539 A.2d 664, 682 (1988) ("What it all boils down to now is that the jury's right to judge the law is virtually eliminated; the provision, as we have construed it, basically protects the jury's right to judge the facts.") (footnote omitted); *Smiley v. State*, 294 Md. 461, 455–56, 450 A.2d 909, 912 (1982); *Montgomery*, 292 Md. at 89, 437 A.2d at 657 ("[U]nder Article 23 of the Md. Declaration of Rights, the application of Md.Rule 757b ... is limited to those instances when the jury is the final arbiter of the law of the crime."); *Stevenson v. State*, 289 Md. 167, 179, 423 A.2d 558, 564 (1980). In *Barnhard*, we said:

"Despite Article 23's facial breadth, it is a postulate well recognized in the prior decisions of this Court, and one which the United States Supreme Court correctly observed in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that Article 23 'does not mean precisely what it seems to say.' ... [Rather,] the jury's role in judging the law under Article 23 is confined 'to *resolv[ing] conflicting interpretations of the law [of the crime]* and to decid[ing] whether th[at] law should be applied in dubious factual situations'...."

325 Md. at 613, 602 A.2d at 706 (citations omitted), quoting *Stevenson*, 289 Md. at 176–79, 423 A.2d at 563–64.

Determining the sufficiency of the evidence is not a part of resolving conflicting interpretations of the law of the crime or deciding whether to apply that law in dubious factual situations. Therefore, it is not a matter entrusted to the jury. It serves no purpose, therefore, to submit to the jury a case

when the court has already determined, in the exercise of its function, that the evidence could not support a verdict of guilty. Accordingly, to instruct the jury to assess whether circumstantial evidence has excluded all reasonable hypotheses of innocence is to require the jury to perform a function not entrusted to it and, indeed, to encourage it to perform such functions. It also undermines the function of the judge, to whom the determination of whether the evidence is sufficient to sustain a verdict of guilty is entrusted.

### E.

The cases referring to circumstantial evidence not excluding every reasonable hypothesis of a defendant's innocence are cases in which there is circumstantial evidence of the defendant's guilt and other evidence, either circumstantial or direct, tending to negate that evidence and no basis upon which a rational finder of fact could return a verdict of guilty without speculating as to which of the two versions is the correct version. A jury faced with that state of the evidence could not logically, nor lawfully, return a guilty verdict; hence, as the Court of Special Appeals pointed out, given that scenario, "there is nothing for the jury to decide, and, upon proper motion, the judge is duty-bound, as a matter of law, to enter a judgment of acquittal." *Hebron*, 92 Md.App. at 517, 608 A.2d at 1296. *See also State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888 (1989), in which the Supreme Court of South Carolina pointed out:

In determining whether to send the case to the jury on circumstantial evidence, the proper standard to be applied by the *judge* is as follows:

[T]he judge is concerned with the existence or non-existence of evidence, not its weight; and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.

*Id.* 379 S.E.2d at 889, quoting *State v. Littlejohn,* 228 S.C. 324, 89 S.E.2d 924, 926 (1955) (emphasis omitted and added).

■ Whether the evidence is direct or circumstantial, consists of multiple strands or just a single strand, it must initially be considered by the judge for its sufficiency to sustain a conviction. If the judge determines that it is sufficient, the judge will submit the issues to the jury for its determination, thereby certifying the legal sufficiency of the evidence. On the other hand, if the judge determines that the evidence is legally insufficient to permit a finding of guilt, then the judge must direct a verdict of acquittal, there being nothing for the jury to decide. *Hebron,* 92 Md.App. at 517, 608 A.2d at 1296.

## IV.

■ Hebron contests the sufficiency of the evidence to support his conviction for breaking and entering a dwelling house. The evidence is insufficient, he maintains, because the prosecution failed to prove that he entered the dwelling. Specifically, he contends that, although the evidence showed that the frame of the door to the dwelling was splintered, that is not enough to prove that any part of his body entered the premises.

Maryland Code (1957, 1992 Repl.Vol.) Art. 27, § 31A provides:

> Any person who breaks and enters the dwelling house of another is guilty of a misdemeanor and, upon conviction thereof, shall be sentenced to imprisonment for a term of not more than three (3) years or a fine of not more than five hundred dollars ($500.00) or both.

"Breaking," as used in section 31A, has been defined frequently by the courts of this State. *See Oken v. State,* 327 Md. 628, 662, 612 A.2d 258, 274 (1992); *Reed v. State,* 316 Md. 521, 523–25, 560 A.2d 1104, 1105 (1989); *Brooks v. State,* 277 Md. 155, 159–60, 353 A.2d 217, 220 (1976); *Finke v. State,* 56 Md.App. 450, 457, 468 A.2d 353, 362, *cert. denied,* 299 Md. 425, 474 A.2d 218, *cert. denied,* 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416

(1984); *Sample v. State,* 33 Md.App. 398, 401–04, 365 A.2d 773, 776 (1976); *Reagan v. State,* 2 Md.App. 262, 267, 234 A.2d 278, 281 (1967). Entry, however, on the other hand, has not. Although this Court and the Court of Special Appeals have rejected challenges to the sufficiency of the evidence of breaking and entering, *e.g. Wallace v. State,* 231 Md. 517, 519, 191 A.2d 221, 222 (1963) and *O'Brien v. State,* 1 Md.App. 94, 97, 227 A.2d 362, 363 (1967), neither court has been required to define "entry."

The Commentators give the term a uniform meaning. According to Rollin M. Perkins and Ronald N. Boyce, *Criminal Law,* 253 (3rd ed. 1982), entry occurs when "any part of . . . [the trespasser's] person is within the house . . . ." LaFave and Scott proclaim that "[i]t [is] sufficient if any part of the actor's person intruded, even momentarily, into the structure." Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law,* 710 (1972). Put another way,

> There is an entry when any part of the defendant's person passes the line of the threshold.

> Thus, there is an entry when the defendant, after opening a closed door, steps across the threshold; when, after breaking the glass of a door or window, he reaches inside to unlock the door or window or to steal property; when, in the course of breaking the glass of a door or window, his finger, hand, or foot happens to pass through the opening; or when, in the course of pushing open a closed door or raising a closed window, his finger or hand happens to pass the line of the threshold.

3 Charles E. Torcia, *Wharton's Criminal Law,* § 332, at 202–03 (14th ed. 1980) (footnotes omitted).

Courts in other jurisdictions have similarly defined "entry." *See, e.g., Sears v. State,* 713 P.2d 1218 (Alaska 1986) (The intruder enters by entry of his whole body, part of his body, or by insertion of any instrument that is intended to be used in the commission of a crime); *People v. Osequeda,* 163 Cal. App.3d Supp. 25, 210 Cal.Rptr. 182 (1984) (A sufficient entry is made to warrant a conviction of burglary when any part of the

body of the intruder is inside the premises); *Edelen v. United States*, 560 A.2d 527 (D.C.App.1989) (Entry as an element of burglary is established by the penetration into a dwelling or similar edifice by any part of the defendant's body or any instrument inserted into the edifice by the defendant to gain entry); *State v. Johnson*, 587 S.W.2d 636 (Mo.1979) (Any entry, however slight, by any part of a person's body, is sufficient to establish that there was an entry); *People v. King*, 61 N.Y.2d 550, 475 N.Y.S.2d 260, 463 N.E.2d 601 (1984) (Entry into a building occurs when a person or any part of the person's body intrudes within the building); *Commonwealth v. Gordon*, 329 Pa.Super. 42, 477 A.2d 1342 (1984) (If any part of the body of the intruder entered the premises, an entry is proven).[3] We hold that the term "entering," as used in Article 27, section 31A, requires that some part of the body of the intruder or an instrument used by the intruder crosses the threshold, even momentarily, of the house.

The question of whether a person has entered a premises is a question of fact to be determined by the jury. The circumstances will determine whether, or not, a reasonable jury could find that the actor, in fact, entered the premises. The evidence presented in the case *sub judice* established that the victim's neighbors heard a loud "bang" moments before the petitioner reappeared; that the door frame was splintered; that the victim and the investigating officer observed splintered wood or chips on a mat on the floor

---

**3.** In several jurisdictions, "entry" is statutorily defined. *See e.g.,* Code of Alabama 13A–8–11(b) (Enter means to intrude: "(1) Any part of the body; or (2) Any physical object connected with the body ..."); Ariz.Rev.Stat.Ann., § 13–1501(2) ("the intrusion of any part of any instrument or any part of a person's body inside the external boundaries of a structure or unit of real property"); Del.Code Ann., 11 § 829(e) ("A person 'enters' upon premises when he introduces any part of his body or any part of any instrument, by whatever means, into or upon the premises"); Rev.Code of Wash.Ann., § 9A.52.010(2) ("The word 'enter' when constituting an element of part of a crime, shall include the entrance of the person, or the insertion of any part of his body, or any instrument or weapon held in his hand and used or intended to be used to threaten or intimidate a person or to detach or remove property.").

inside the house; and that the door frame was damaged so as to make it impossible to close and latch the door. This evidence certainly proves a breaking. Section 31A, however, requires that there also be an entry. *Warfield v. State,* 315 Md. 474, 496, 554 A.2d 1238, 1250 (1989); *Hawkins v. State,* 291 Md. 688, 692, 436 A.2d 900, 902 (1981). *Compare* Md. Code (1957, 1992 Repl.Vol.) §§ 32, 33, 33A.

No direct evidence was presented that the petitioner entered, or may have entered, the victim's home. No one saw the petitioner enter the premises and the testimony of the victim was that nothing was missing from her home. On the other hand, there was circumstantial evidence from which a rational trier of fact could conclude that entry had been made. That evidence consisted of the testimony concerning the condition of the door frame and the location of splinters and wood chips inside the house. As the Court of Special Appeals aptly explained:

> That evidence, coupled with the loud bang heard by the neighbor and the fact that the frame was so damaged as to make it impossible to close and latch the door could lead a rational trier of fact reasonably to find that [the petitioner] used his body to batter the door with such force as to defeat the lock and open the door. From that, the trier of fact could further reasonably infer that, with the application of that kind of body pressure to the door, some part of [the petitioner's] body must necessarily have crossed the threshold when the door opened.

*Hebron,* 92 Md.App. at 511–12, 608 A.2d at 1293.

**JUDGMENT OF COURT OF SPECIAL APPEALS AFFIRMED, WITH COSTS.**