PER CURIAM.
The defendant, Vernon Lewis Glover, was charged with and convicted by jury of possession of cocaine. The defendant was thereafter sentenced to five years imprisonment at hard labor. The trial court specifically ordered that this sentence was to be served consecutively to any other sentence defendant might have to serve. On appeal, defendant’s only assignment of error concerns his sentence. Defendant argues that the sentence imposed is illegal as the trial court was without authority to order consecutive sentences under these circumstances. Finding merit to this assignment of error, we vacate defendant’s sentence and remand for resentencing.
On the evening of March 29, 1991, two Shreveport police officers in a marked patrol car noticed the defendant in an automobile stopped in the middle of a street. A man standing next to the car, who had apparently been talking to the defendant, fled on foot at the sight of the police. The defendant sped off in his car, followed by the police officers. A four- to five-minute chase through residential areas ensued, with speeds approaching 100 miles per hour. The chase ended and the defendant was arrested only after he lost control of his vehicle and struck a steel pole in the median. A search of the defendant’s person and his vehicle revealed two rocks of crack cocaine on the floorboard of the car and a plastic bag containing cocaine residue in the defendant’s jacket pocket.
At sentencing, the trial court noted that, when he committed the instant offense, the defendant was on probation for another felony drug offense. The trial court, which had also imposed the defendant’s probated sentence on his prior conviction, obviously envisioned the possibility that the defendant’s instant conviction might result in the revocation of that earlier probated sentence. Presumably, the trial court was considering this possibility when it sentenced defendant to five years at hard labor “to run consecutive with any sentence which you may have to serve.”
The trial court was in error in attempting to ensure consecutive sentences under these circumstances. The authority to order consecutive sentences in such a case rests exclusively with the trial court which *340 rendered the earlier probated sentence. LSA-C.Cr.P. Art. 901; State ex rel. Brently v. Dees, 388 So.2d 386 (La.1980). The jurisprudence has consistently held that the remedy in such a case is to vacate the sentence and remand for resentencing. State v. Ester, 436 So.2d 543 (La.1983); State v. Strong, 463 So.2d 830 (La.App.2d Cir.1985), writ denied, 466 So.2d 1300 (La. 1985); State v. Rowlins, 463 So.2d 829 (La.App. 2d Cir.1985). Accordingly, we vacate defendant’s sentence and remand to the trial court for resentencing.
SENTENCE VACATED, REMANDED FOR RESENTENCING.