h GASKINS, J.
Following a jury trial, the defendant, Berma James .Hogan, was convicted as charged of aggravated burglary, in violation of La. R.S. 14:60. Thereafter, the defendant was adjudicated a second felony habitual offender and sentenced to 20 years at hard labor without benefit of probation or suspension of sentence. He appeals, claiming insufficiency of evidence. We affirm.
FACTS
On November 22, 1997, the victim, an elderly man living alone on Wyatt Street in Shreveport, heard a knock on his door. Cracking the door open, the victim recognized the young man standing there — the defendant — as a friend of his grandson. The defendant asked the victim if he had a cigarette. The victim responded that his grandson was not there. Suddenly, the defendant pushed the door open and attacked the victim, grabbing him by the throat and throwing him down on the floor inside the house. The defendant held the victim down and removed money from his pockets. The defendant then fled out the front door, leaving the victim lying on his living room floor. The victim testified that he did not give defendant permission to enter his house.
The victim testified that he remained on the floor, unable to get up, for approximately 30 minutes. A neighbor found him lying there and went for help. Officer Saletha Smith of the Shreveport Police Department arrived and interviewed the victim. He told Officer Smith that he recognized his attacker as the defendant. He further told Officer Smith that the defendant lived in the neighborhood and could be identified by his legs, which had been crippled by a gunshot injury. Based upon this identification, the defendant was arrested. Twelve days later, the victim repeated the events of the incident to Detective Kevin Simmons.
li>,The defendant was initially arrested on a charge of simple robbery, a violation of La. R.S. 14:65. However, the bill of information filed by the district attorney charged the defendant with the crime of aggravated burglary in violation of La. R.S. 14:60.
*967 A unanimous jury convicted the defendant as charged of aggravated burglary. Subsequently, a habitual offender bill was filed against the defendant. He was adjudged a second felony habitual offender and sentenced to 20 years at hard labor without benefit of probation or suspension of sentence.[1]
The defendant appeals, contending that the evidence presented at trial was insufficient to sustain his conviction.[2]
LAW
Aggravated burglary is defined in La. R.S. 14:60 as follows:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the fight most favorable to the | sprosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Owens, supra.
This court’s authority to review questions of fact in a criminal case is limited to the suffieiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir. 1986), writ denied, 499 So.2d 83 (La.1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 |4(La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760.
For purposes of showing an “unauthorized entry,” the prosecution need only prove that any portion of the defendant’s body passed the fine of the door’s thresh *968 old. State v. Abrams, 527 So.2d 1057 (La.App. 1st Cir.1988), writ denied, 625 So.2d 164 (La.1993).
DISCUSSION
The defendant argues that the evidence did not establish that he entered the victim’s Home, a necessary element of the charged offense. Instead, he claims that the evidence indicates that the offense might have occurred on the victim’s porch, not in the house itself. However, the testimony of the victim clearly refuted this contention and placed the defendant inside the victim’s home during the commission of the crime. Likewise, the two police officers who testified at trial verified that the victim told them that the offense took place inside his residence. Defense counsel’s attempts to cross-examine these witnesses regarding this point were unfruitful. The defendant presented no witnesses or other evidence in his defense. The jury, which rendered a unanimous verdict after deliberating for less than an hour, obviously believed the testimony of the state’s witnesses.
This record reveals that all the elements of the crime of aggravated burglary were established by the evidence, i.e., the defendant made an unauthorized entry into the victim’s home with the intent to commit a felony or theft, and while in the residence, he committed a battery upon the victim. Under the facts of this case, a rational trier of fact could have found beyond a reasonable doubt that the testimony of the victim, viewed in the light most favorable to the prosecution, 15established that the defendant committed the crime of aggravated burglary.
This assignment of error has no merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Trial on the aggravated burglary charge was held before Judge C.J. Bolin, Jr. The habitual offender proceedings and sentencing were conducted before Judge Eugene W. Bryson, Jr.

. Although the defendant originally made four assignments of error, only the one addressing the sufficiency issue was briefed. Assignments of error which are neither briefed nor argued are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writs denied, 558 So.2d 1123 (La.1990). Therefore, the other three assignments of error are deemed abandoned.