L CARAWAY, J.
The defendant, Ronald Joe Jefferson, was originally charged with aggravated burglary. Following a bench trial, the trial court convicted Jefferson of unauthorized entry of an inhabited dwelling, a violation of La. R.S. 14:62.3. After adjudicating defendant a second felony offender, the trial court sentenced Jefferson to three years imprisonment at hard labor. On appeal, Jefferson urges that the evidence was insufficient to convict him and that the trial court imposed an excessive sentence because it denied him credit for time served. We now affirm defendant’s conviction, and finding merit in the assignment of error concerning sentencing, correct defendant’s sentence and, as amended, affirm.

Facts

On January 11, 1998, Bonnie Stephens heard the doorbell of her apartment ring while she was cooking dinner for herself, her daughter and a friend, Stan Green. She went to the door and looked through the peephole but could not determine who was there. Stephens asked who was at the door but got no response so she then cracked the door open and saw Jefferson. Stephens and Jefferson had been involved in a relationship until earlier that same day when Stephens indicated to Jefferson that she no longer wanted to continue seeing him.
At trial, Stephens testified that she had not invited Jefferson to come over that evening. Stephens asked Jefferson what he wanted and he asked if he could come inside. Stephens responded “no” and repeatedly told him he could not come in the apartment. While talking to Jefferson, Stephens kept the door only slightly open *1018 and kept her foot wedged against it. Stephens said Jefferson then asked if she had someone else inside and she responded that she did. At that moment, Jefferson barged his way into the apartment, forcing open the door and proceeding past Stephens into the living room area. Stephens immediately grabbed her three-tyear-oldj. daughter and took her to the kitchen, fearful of the confrontation between the two men.
Green testified that Jefferson walked into the living room and punched him in the mouth without any provocation. Green then left the apartment. Jefferson went to the kitchen and sprayed mace in Stephens’ face. Jefferson remained in the apartment while Stephens attempted to clear the mace from her eyes. She asked Jefferson to leave, but he did not. After washing the mace out of her eyes, Stephens eventually left the apartment with her daughter and went to her sister’s apartment in the same complex. At her sister’s apartment, Stephens called 911. When the police arrived, they escorted Stephens back to her apartment and discovered Jefferson had left taking with him a six-pack of beer from Stephens’ refrigerator. The testifying officer confirmed at trial that Stephens had been attended to by fire department personnel and that her eyes were red and swollen.
In his testimony at trial, Jefferson denied the forced entry, a close relationship with Stephens, the macing of Stephens and the theft of the beer. He admitted striking Green, but only after Green had lunged toward him.
Upon his arrest, Jefferson was charged by amended bill of information with the aggravated burglary of Stephens’ dwelling on January 11, 1998. Jefferson waived his right to a jury trial and elected a bench trial. At trial, Jefferson was convicted of the lesser included offense of unauthorized entry of an inhabited dwelling. A second felony offender bill was filed against Jefferson and he was adjudicated a second felony offender. On March 31, 1999, Jefferson was sentenced to serve three years imprisonment at hard labor. This sentence was ordered to be served consecutively with any other sentence that Jefferson is serving or has to serve. A request for credit for time served was denied by the trial court. Apparently when the instant offense occurred, Jefferson was on probation | sin connection with a sexual battery conviction in Bossier Parish. At the time of Jefferson’s sentencing, it was uncertain whether the probation violation would subject him to additional jail time on this prior conviction. A motion to reconsider the sentence was denied by the trial court on June 14, 1999.

Sufficiency of Evidence

The statute for the lesser included offense for which Jefferson was convicted provides, in pertinent part, as follows:
“La. R.S. 14:62.3. Unauthorized entry of an inhabited dwelling
A. Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or' in part as a home or place of abode by a person.”
Jefferson contends that the evidence presented by the state was insufficient for the court to convict him of the offense because the state failed to prove the defendant entered Stephens’ apartment without permission.
The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). Id. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational fact-finder that the defendant is guilty beyond a reasonable doubt. State v. Cotton, 25,940 (La.App.2d *1019 Cir.3/30/94), 634 So.2d 937. Of course, it is always the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 906 (La.1993). A reviewing court accords great deference to a trier of fact’s decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ 4denied, 499 So.2d 83 (1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La.App.2d Cir.10/30/96), 682 So.2d 847, writ denied, 99-0210 (La.5/14/99), 745 So.2d 12; State v. Brown, 29,708 (La.App.2d Cir.9/24/97), 702 So.2d 744, writ denied, 97-2549 (La.1/30/98), 709 So.2d 703. Where a trier of fact has made a rational determination, an appellate court should not disturb it. State v. Thomas, supra.; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
Although Jefferson claimed that Stephens invited him over to her apartment on the night of January 11, 1998 and voluntarily let him in, Stephens repeatedly testified at trial that she explicitly told Jefferson he could not come into her apartment on the night in question and that he “barged” past her. Although Green stated that he did not hear the conversation between Stephens and Jefferson at the door, his testimony did not contradict the testimony of Stephens and his description of Jefferson’s immediate hostile action toward him corroborates Stephens’ testimony regarding the hostile nature of Jefferson’s entry.
For purposes of showing an “unauthorized entry,” the state need only prove that any portion of the defendant’s body passed the line of the door’s threshold. State v. Abrams, 527 So.2d 1057 (La.App. 1st Cir.1988), writ denied, 625 So.2d 164 (La.1993).
The only two witnesses to directly testify on the unauthorized entry issue were Jefferson and Stephens and their testimony was conflicting. The trial court obviously found Stephens’ testimony on this issue credible and disregarded Jefferson’s testimony to the contrary. Under the facts of this case, we hold that a rational trier of fact could have found beyond a reasonable doubt that the ^testimony of the victim, Stephens, viewed in the light most favorable to the prosecution, establishes that the defendant committed the crime of unauthorized entry of an inhabited dwelling. This assigned error lacks merit.

Sentencing

Upon being adjudicated a second felony offender, Jefferson was subject to a sentence of imprisonment of not less than 3 years and not more than 12 years. La. R.S. 14:62.3; La. R.S. 15:529.1. The trial court sentenced Jefferson to three years which, the court stated, was to run consecutive “to any sentence that he is serving or has to serve.” The court noted that because Jefferson was on probation or parole at the time of the subject offense, the consecutive sentence was warranted. Additionally, the court expressly denied Jefferson credit for time served because “he cannot get credit for this one as well as any other sentence or it would not be a consecutive sentence.”
Jefferson asserts that the trial court erred in failing to give him credit for jail time he served before sentencing. La. C.Cr.P. art. 880. This issue involves the trial court’s attempt to tie the present sentence to the unknown status of imprisonment for a prior offense which is not shown in the record. In a similar case in State v. Jackson, 582 So.2d 915 (La.App. 2d Cir.1991), we amended the sentence to give credit for the time served to the extent that the time served had not been credited against the sentence for any other offense. We likewise amend the sentence herein. La.C.Cr.P. art. 882.
*1020 Additionally, we note that the trial court incorrectly attempted to ensure consecutive sentences under these circumstances. The authority to order consecutive sentences would rest exclusively with the trial court which rendered the earlier probated sentence. La.C.Cr.P. art. 901; State ex rel. Brently v. Dees, 388 So.2d 386 (La.1980); State v. Glover, 595 So.2d 339 (La.App. 2d Cir.1992). 6Accordingly, since this illegal portion of the sentence can be corrected without the exercise of sentencing discretion, we also amend to vacate that portion of the sentence which attempted to make the sentence run consecutive to the time served for the earlier offense.

Conclusion

For the foregoing reasons, Jefferson’s conviction is affirmed and his sentence is amended and, as amended, affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED, AFFIRMED.