JOHNSON, Justice.
|tWe granted this writ application to determine whether the court of appeal erred in overturning defendant’s conviction for aggravated burglary. Finding the evidence sufficient to support the trial judge’s finding that defendant, Jerome Bryant, Jr., entered the victim’s home, we reverse.
FACTS AND PROCEDURAL HISTORY
On February 5, 2009, Jason Goetz, who resided at 433 Pennsylvania Avenue in Shreveport, Louisiana, was home alone with his two-year-old daughter. Mr. Goetz testified he heard a noise at the french doors at the back of his house and walked over to investigate. The blinds on the french doors were only partially lowered, and he was able to see the bottom of an unknown man’s pants through the glass of the doors. The man then kicked in the back doors. Mr. Goetz testified the man appeared surprised to see him and immediately fired two shots in his direction and then ran away. Mr. Goetz testified that the man did not enter his house, but shot at him while standing on a step outside of the back door. After the man ran away, Mr. Goetz went to his daughter’s room, looked through the window blinds and observed the man drive away in a white vehicle. Mr. Goetz then called 911.
Defendant was apprehended shortly thereafter at another location. Mr. Goetz |2was brought to that location and positively identified Jerome Bryant as the man who kicked in his doors and fired the two shots. Defendant and a co-defendant, De-andrae Jackson, were subsequently charged relative to burglaries at three separate residences on the same date. Specifically, on March 11, 2009, by three separate bills of information, defendant was charged with two counts of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2, and one count of attempted second degree murder, which was later amended to aggravated burglary, in violation of La. R.S. 14:60 for the incident involving Mr. Goetz.
After waiving his right to trial by jury, defendant went to trial before the court November 3, 2010, on one count of simple burglary and one count of aggravated burglary. This writ application solely concerns the trial on the aggravated burglary charge involving the Goetz residence. After the State rested its case, defendant moved for a directed verdict arguing the State failed to prove he actually entered Mr. Goetz’s home, a necessary element of the crime of burglary. The State countered that defendant had entered the home when his foot kicked the door open and when he pointed the gun inside the house. The trial court denied the request for a directed verdict and the defense rested. Defendant was convicted of one count of aggravated burglary. Defendant was also convicted of simple burglary of another residence, however that conviction is not subject of the instant writ application. *431 Defendant subsequently received a substantial sentence as a habitual offender.
Defendant appealed his conviction and sentence, arguing the evidence was insufficient to prove he committed the crime because he never actually entered the residence.[1] The court of appeal set aside his conviction and sentence for aggravated burglary, as well as the habitual offender adjudication, and remanded the matter to the 13trial court for entry of judgment of guilty of attempted aggravated burglary and re-sentencing.[2] The court of appeal found the evidence insufficient to support defendant’s conviction for aggravated burglary because Mr. Goetz never testified that any part of defendant’s body entered his house, even when defendant kicked open the door, and the State introduced no evidence or expert testimony to show that defendant’s foot did, or necessarily would have had to, enter the house. The court further held that defendant’s habitual offender adjudication must be vacated as it was based on the aggravated burglary charge. The court found the record sufficient to support a conviction for the lesser-included offense of attempted aggravated burglary.
The State filed the instant writ application, which we granted.[3]
DISCUSSION
La. R.S. 14:60 provides, in pertinent part:
Aggravated burglary is the unauthorized entering of any inhabited dwelling ... where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
(Emphasis added). The sole issue before this Court is whether the court of appeal erred in holding that the State presented insufficient evidence of an “entry” such that there could be no conviction of aggravated burglary.
The State argues the court of appeal erroneously applied the Jackson v. Virginia [4] standard, holding the State to a burden of proof greater than that required |4by law on the question of whether an unauthorized entry was made. The State notes that while Mr. Goetz did answer “no” when questioned if defendant entered his home, it is clear Mr. Goetz approached this question as a layperson would, addressing only whether defendant actually stepped inside his home. According to the State, the only legal requirement is that any part of defendant’s body cross the plane of the door. The defendant’s actions in kicking in the door while standing on the step, then fully extending his arm while firing his gun constituted evidence that some unauthorized entry was made. The trial judge was aware of the appropriate standard for an entry, and was able to observe Mr. Goetz demonstrate how defen *432 dant kicked in the door and held the gun. The trial judge’s determination of the fact of entry must be given deference and must be viewed in the light most favorable to the prosecution under Jackson.
By contrast, defendant argues the evidence at trial failed to establish beyond a reasonable doubt that he entered Mr. Goetz’s home. Defendant agrees that the State need only prove any portion of his body passed the line of the door’s threshold, but argues this burden was not met. Mr. Goetz specifically testified defendant never entered his house, and stated that defendant fired the shots from the step. Mr. Goetz never testified that he saw any part of defendant’s body cross the plane into his dwelling. The State introduced no evidence on this issue other than the testimony of Mr. Goetz. Thus, defendant argues the court of appeal correctly reversed the aggravated burglary conviction.
In reviewing the sufficiency of the evidence to support a conviction, this Court has recognized that an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, supra. State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, 928 (citing State v. Captville, 448 So.2d 676, 678 (La.1984)). Under this standard, an appellate court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” Tate, 851 So.2d at 928.
“Entry” is not statutorily defined in Louisiana. While this Court has never directly addressed the issue, our appellate courts have found “entry” for purposes of the crime of burglary whenever any part of the defendant’s body passes the line of the threshold. See, State v. Abrams, 527 So.2d 1057, 1059 (La.App. 1st Cir.1988) (“it is sufficient if any part of the actor’s person intrudes, even momentarily, into the structure”); State v. Hogan, 33,077 (La.App. 2 Cir. 3/1/00), 753 So.2d 965, 967; State v. Jefferson, 33,333 (La.App. 2 Cir. 5/10/00), 759 So.2d 1016, 1019. The term has also been uniformly defined in criminal law treatises. WhaHon’s provides:
There is entry when any part of the defendant’s person passes the line of the threshold. Thus, there is an entry when the defendant, after opening a closed door, steps across the threshold; when, after breaking the glass of a door or window, he reaches inside to unlock the door or window or to steal property; when in the course of breaking the glass of a door or window, his finger, hand, or foot happens to pass through the opening; or when, in the course of pushing open a closed door or raising a closed window, his finger or hand happens to pass the line of the threshold or to pass through the opening.
3 Wharton’s Criminal Law, § 322, pp. 247-48 (15th ed.1995, Charles E. Torcía, ed.); see also W.R. LaFave, A.W. Scott, 2 Substantive Criminal Law § 8.13, p. 467 (1986) (“It is sufficient if any part of the actor’s person intrudes, even momentarily, into the structure. Thus, the momentary intrusion of part of a foot in kicking out a window, constitutes the requisite entry.”)
High courts in other jurisdictions have defined entry similarly, consistently holding that a “slight entry,” consisting of any part of the actor’s body crossing the | aplane, is sufficient. See, People v. Beauchamp, 241 Ill.2d 1, 348 Ill.Dec. 366, 944 N.E.2d 319, 324 (2011); State v. Keopasaeuth, 645 N.W.2d 637 (Iowa 2002); State v. Gutierrez, 285 Kan. 332, 172 P.3d 18, 23 (2007); State v. Crossman, 790 A.2d 603, 606 (Me.2002); Hebron v. State, 331 Md. 219, 627 A.2d 1029 (1993); State v. Fer *433 nandes, 783 A.2d 913, 917 (R.I.2001); Rowland v. Com., 281 Va. 396, 707 S.E.2d 331, 333 (2011). We agree with the universal definition given to the term “entry,” and hold as a matter of law that an “entry” for purposes of the crime of burglary occurs when any part of the intruder’s person crosses the plane of the threshold.
In setting aside defendant’s conviction for aggravated burglary, the court of appeal found insufficient evidence of an “entry” due to the lack of direct evidence that defendant’s foot crossed the door’s threshold. After reviewing the record, we find the court of appeal erred in reversing the trial judge’s finding that an entry occurred.
Mr. Goetz’s testimony was videotaped for perpetuation at defendant’s preliminary examination because Mr. Goetz was on active military duty and deployed to Afghanistan prior to trial. The videotape of Mr. Goetz’s testimony reflects the following colloquy:
Q: (DA): Did [the defendant] ever get to enter your house?
A: (Goetz): No, sir.
Q: When the shots were fired, was [the defendant] standing outside of your house?
A: Yes sir. There’s a little step up from the driveway into the house. And he kicked the door and he didn’t step over after he kicked the door. When he kicked the door he regained his footing, saw I was there, was surprised. Like I said before, he already had the weapon in his hand and he reached up and fired two times and ran away.
Q: Would it be correct to say he was standing lower?
A: A little bit lower, yes sir.
|7Mr. Goetz was asked by defense counsel to stand up and demonstrate how defendant fired the gun. Mr. Goetz demonstrated the events, including defendant kicking in the door, defendant acting surprised to see him, and, with more specificity, demonstrated the manner in which defendant held and shot the gun. Later, on redirect testimony, Mr. Goetz again demonstrated how defendant held his arm, and stated that defendant’s left arm was fully extended straight out.
This Court has held that the trier of fact may make reasonable inferences from the evidence presented. In State v. Spears, we stated:
When evaluating circumstantial evidence, the trier of fact must consider the circumstantial evidence in light of the direct evidence, and vice versa, [and] the trier of fact must decide what reasonable inferences may be drawn from the circumstantial evidence, the manner in which competing inferences should be resolved, reconciled or compromised; and the weight and effect to be given to each permissible inference. From facts found from direct evidence and inferred from circumstantial evidence, the trier of fact should proceed, keeping in mind the relative strength and weakness of each inference and finding, to decide the ultimate question of whether this body of preliminary facts excludes every reasonable hypothesis of innocence.
05-0964 (La.4/4/06), 929 So.2d 1219, 1222 (citing State v. Chism, 436 So.2d 464, 469 (La.1983)). In Chism, we further held that “[t]he gist of circumstantial evidence, and the key to it, is the inference, or process of reasoning by which the conclusion is reached. This must be based on the evidence given, together with a sufficient background of human experience to justify the conclusion.” 436 So.2d at 469. In rendering judgment, the trial judge explained his reasoning as follows:
*434 There was a forced entry, unauthorized entry. The defendant, upon breaking the door, simply because he did not go all the way into the home, does not indicate to the Court that he did not make the unauthorized entry upon forcing the door open. All facts would indicate that there was some type of entry when the door was forced open. All be it [sic], he didn’t step into the house, per se, within so many feet. But it would indicate to the Court that he did break the plane of the home.
Considering the facts of this case, we find the trial judge could have drawn the reasonable inference from Mr. Goetz’s testimony, combined with human experience, |sthat by kicking in the french doors with any degree of force, defendant’s foot necessarily crossed the threshold, even if only minimally. Moreover, Mr. Goetz physically demonstrated the defendant kicking in the doors and, more specifically, how defendant held the gun and extended his arm in firing the shots. Based on Mr. Goetz’s demonstration, it is also fully reasonable that the trial judge found defendant stood close enough to the door that his fully extended left arm crossed the threshold of the home. While Mr. Goetz testified that the defendant did not enter his home, we do not find this determinative of whether the legal definition of “entry” was met. We agree with the State that Mr. Goetz’s understanding of “entry” was likely that of a layperson and may not comport with the legal definition. We note that Mr. Goetz’s testimony was perpetuated by video at the preliminary hearing on January 4, 2010, ten months prior to trial. Thus, Mr. Goetz could not be further questioned at trial to delve into the entry issue in more detail. Additionally, it is apparent from the record and the video testimony that there were two primary issues of interest at the preliminary hearing, neither of which was whether an “entry” was made. Because Mr. Bryant was charged with a co-defendant, questioning focused on the identification of Mr. Bryant as the shooter. Additionally, because Mr. Bryant and the co-defendant were initially charged with attempted second-degree murder, the questioning of Mr. Goetz was focused on whether the shooter intentionally shot at Mr. Goetz such as to justify an attempted murder charge.
Thus, based on Mr. Goetz’ testimony, even in the absence of direct evidence, an inference that a part of defendant’s body crossed the plane of Mr. Goetz’s doorway was one the trial judge could reasonably draw according to his human understanding and experience. The trial judge found there had been “some type of entry when the | ¡¡door was forced open,” an observation broad enough to encompass both defendant’s foot and his extended left arm.
Other jurisdictions have found an “entry” based on similar facts. In Paulley v. Commonwealth of Kentucky, 323 S.W.3d 715, 722 (Ky.2010), the Kentucky Supreme Court considered whether evidence was sufficient to prove entry. The Court noted the evidence showed that, at most, the front door of the residence opened slightly when it was kicked by the defendant. Thus, the court noted that the defendant’s foot could have crossed the threshold when the door was ajar. The court found the evidence sufficient to support a burglary charge.
In Hebron v. State, 331 Md. 219, 627 A.2d 1029, 1037-39 (1993), the evidence established that the victim’s neighbors heard a loud “bang” moments before the defendant appeared; the victim and officer observed splintered wood on a floor mat inside the house; and the door was damaged so as to make it impossible to close and latch. There was no direct evidence that the defendant entered, or may have *435 entered, the victim’s home. However, the court noted the circumstantial evidence could lead a rational trier of fact to reasonably find that defendant used his body to batter the door with such force as to defeat the lock and open the door. From that, the trier of fact could further reasonably infer that, with the application of that kind of body pressure to the door, some part of the defendant’s body must necessarily have crossed the threshold when the door opened.
In State v. Pace, 602 N.W.2d 764, 773 (Iowa 1999), the Iowa Supreme Court held that the jury could have found defendant committed burglary beyond a reasonable doubt when he pushed in on the door of the house after the victim retreated into the house and struggled to close the door. The Court noted that entry includes breaking of the plane of the threshold of a house.
In People v. Roldan, 100 Ill.App.2d 81, 241 N.E.2d 591 (1968), the court found entry was demonstrated by the physical act of kicking in the widows. The court noted the windows would not have given way had the defendant’s foot not penetrated the premises.
CONCLUSION
Based on the evidence presented at trial, the fact of entry was a reasonable inference when defendant kicked in the door of the house and fully extended his arm in shooting the gun from the step. Thus, we find the court of appeal erred when it held that the State was required to directly prove that defendant’s foot crossed the threshold of Mr. Goetz’s house. Viewing the evidence in the light most favorable to the prosecution, we find the evidence was sufficient under Jackson for the trial judge to find an entry was made. Considering the reasons given by the trial judge, we cannot say his finding was erroneous. For the above reasons, we reverse the ruling of the court of appeal and reinstate defendant’s conviction for aggravated burglary as well as the second-felony habitual offender adjudication and sentence on that count.
DECREE
REVERSED. JUDGMENT OF THE TRIAL COURT REINSTATED.
KNOLL, J., dissents and assigns reasons.
KIMBALL, C.J., dissents for reasons assigned by Justice KNOLL.

. Defendant also raised other assignments of error which are not at issue in the instant writ application.

. State v. Bryant, 46,744 (La.App. 2 Cir. 12/21/11), 80 So.3d 754.

. State v. Bryant, 12-0233 (La.5/18/12), 89 So.3d 1200.

. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (holding that a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged.)