COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

DANIEL BRANDON PRINCE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. CR 78,921
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


CONVICTION REVERSED. JUDGMENT OF ACQUITTAL ENTERED. MULTIPLE OFFENDER STATUS REVERSED AND SENTENCE VACATED AND SET ASIDE.

Michael Harson
District Attorney
Post Office Box 3306
Lafayette, LA   70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
      State of Louisiana

Roger P. Hamilton, Jr.
Assistant District Attorney
Post Office Box 3306
Lafayette, LA   70502
(337) 519-7180
COUNSEL FOR APPELLEE:
      State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, LA   70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Daniel Brandon Prince**

**AMY, Judge.**

The State charged the defendant with introducing contraband into a penal institution after the defendant opened a package addressed to him that contained marijuana, among other prohibited items. After an initial mistrial due to a deadlocked jury, a second jury convicted the defendant of attempted introduction of contraband into a penal institution. The trial court thereafter denied the defendant's motion for new trial and imposed a five-year, hard labor sentence. Following habitual offender proceedings, that sentence was subsequently vacated and a twenty-five-year sentence imposed. The defendant appeals. For the following reasons, we reverse the defendant's conviction, enter a judgment of acquittal, reverse the habitual offender adjudication, and vacate and set aside the corresponding sentence.

## Factual and Procedural Background

The State alleged that the defendant, Daniel B. Prince, was a detainee at the Acadia Parish Jail when officials received information that he would be receiving a package containing contraband. When the package arrived, with an envelope addressed to the defendant attached to it, a canine alerted to the package. Thereafter, the defendant was called into a room to open the package in front of officials. According to the State, the package was found to contain various items, including a substance identified as marijuana.

The State thereafter filed a bill of information charging the defendant with four counts of unlawful introduction of contraband into a penal institution, violations of La.R.S. 14:402. The charges related to contraband alleged to be marijuana, rolling paper, sexual pictures, and tobacco. However, the trial court subsequently granted a motion to quash, dismissing the latter three charges.

In July 2012, the remaining charge of unlawful introduction of contraband into a penal institution, marijuana, proceeded to trial before a jury. However, the trial resulted in a mistrial after the first jury became deadlocked. In a subsequent trial, the jury convicted the defendant of the responsive verdict of attempted possession of contraband in a parish prison.

In a motion for new trial, the defendant chiefly argued that the State made improper reference to the existence of a confidential informant during the trial in contravention of a pre-trial ruling. The trial court denied the motion and imposed a five-year sentence to be served at hard labor and consecutive to any other sentence being served. Later, and acting upon a bill of information filed by the State, the trial court adjudicated the defendant an habitual offender, vacated the five-year sentence and sentenced the defendant to twenty-five years at hard labor.

The defendant appeals, questioning: the sufficiency of the evidence; the denial of a motion to strike other crimes evidence; the denial of motions regarding the identity of the confidential informant; the alleged failure to ensure the recording/preservation of sidebar conferences; certain statements made by the prosecutor during closing argument and; whether trial counsel was ineffective by failing to object to those allegedly improper statements.

**Discussion**

*Errors Patent*

While we have reviewed this matter for errors patent on the face of the record, as is required by La.Code Crim.P. art. 920, the results of that review have been rendered moot by our conclusion on the merits, below.

*Sufficiency of the Evidence*

The defendant first questions the sufficiency of the evidence presented and argues that the evidence did not support a finding that he had knowledge of the contents of the package received at the Acadia Parish jail. He asserts in his brief to this court that "[a]ll that was proven was that the package contained marijuana, it was addressed to Daniel Prince and that, at the direction of law enforcement, he opened the package in their presence." He disputes that he could have been convicted under those facts, noting that the identity of the sender was unknown. We find merit in that argument.

In review of whether the evidence presented was sufficient to support a conviction, "an appellate court 'must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.'" *State v. Bryant*, 12-233, p. 5 (La. 10/16/12), 101 So.3d 429, 432 (quoting *State v. Tate*, 01-1658 (La. 5/20/03), 851 So.2d 921). As it is the fact finder's role to weight the credibility of witnesses, an appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations required by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). *State ex rel. Graffagnino*, 436 So.2d 559 (La.1983).

In this case, a jury convicted the defendant of attempted possession of contraband in a penal institution, in this case, a parish prison. In this regard, La.R.S. 14:402 provides:

> E. It shall be unlawful to possess or to introduce or attempt to introduce into or upon the premises of any municipal or parish prison or jail or to take or send or attempt to take or send therefrom, or to give or to attempt to give to an inmate of any municipal or parish

prison or jail, any of the following articles which are hereby declared to be contraband for the purpose of this Section, to wit:

. . . .

(5) Any narcotic or hypnotic or excitive drug or any drugs of whatever kind or nature, including nasal inhalators of any variety, sleeping pills or barbiturates of any variety that create or may create a hypnotic effect if taken internally, or any other controlled dangerous substance as defined in R.S. 40:961 et seq. The introduction by a person of any controlled dangerous substance as defined in R.S. 40:961 et seq., upon the grounds of any municipal or parish prison or jail shall constitute distribution of that controlled dangerous substance and shall be subject to the penalties provided in R.S. 40:961 et seq.

*See also* La.R.S. 14:27 providing that "[a]ny person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended[.]"

It is undisputed in this case that marijuana is a controlled dangerous substance for purposes of La.R.S. 14:402(E)(5). Rather, the defendant poses the inquiry of whether the State was required to demonstrate that he intended to possess that contraband insofar as the jury found him guilty of "attempted possession." Given the jury's finding, and the dictates of La.R.S. 14:27, we find that the State was required to prove intent and, in fact, the trial court in this case instructed the jury as to specific intent. In this case, however, we find that the State failed in its showing.

In its presentation of evidence, the State introduced the testimony of Deputy Dwayne Hollier, who explained that he was the supervisor of the Acadia parish jail at the time of the alleged offense. Deputy Hollier testified that he was informed in October 2011 that a package would be arriving at the parish jail, addressed to the defendant and purportedly contained in an "attorney envelope." He stated that,

4

after the package arrived, he contacted a police officer for assistance with a canine search and that the "dog alerted on the package." Deputy Hollier explained to the jury that the envelope was addressed to "Mr. Daniel Prince," and was addressed from an attorney. According to Deputy Hollier, facility policy required that mail identified as "legal mail" had to be opened in front of the officers. When asked to explain the opening of the package, Deputy Hollier stated:

> Well, when we found the - - when the dog alerted we notified Lieutenant Trahan. Then we called inmate Prince to the medic office, and we told him to open the package in front of us.

> The letter was sealed, and he opened the package in front of us. And once he seen the contents[1] that was in the envelope, he said that it wasn't for him. He didn't know how he got it.

Upon cross-examination, Deputy Hollier testified that although the envelope was addressed from a Crowley attorney, the package contained a Baton Rouge post mark.[2] In addition to Deputy Hollier's recounting of the defendant's statement that he "didn't know how he got it" after opening the package, Deputy Hollier stated that he, personally, did not know who sent the package and was aware of no eyewitnesses who would "tie" the defendant to the package. Similarly, Lieutenant Kevin Trahan, who was also present when the package was opened, stated that, although it appeared that someone outside of the jail sent the package, he did not know the identity of that person.

On review, we find this recounting of events, even construed in a light most favorable to the prosecution pursuant to the *Jackson* standard does not support a

---

[1] With regard to the contents, Deputy Hollier explained that the package "contains pictures - - nude pictures. This one is rolling papers along with cigarettes. This one is marijuana. And these are just closed envelopes. And the rest is just writing paper."

[2] Additionally, cross-examination further explored whether fellow inmates would have had access to previously received mail and whether inmates were aware of the procedure whereby legal mail required the opening of the package in front of officials.

finding of an "attempt" to possess the contraband. Namely, there is no indicia of intent to possess or guilty knowledge of the incoming package. Rather, there was evidence only of receipt, and then only in a contrived environment. However, the jury refused to convict the defendant of possession, favoring the lesser, responsive verdict of attempted possession of contraband in a parish prison. Yet, the State presented no evidence connecting the defendant to any person mailing the package and the State put on no evidence suggesting that any attorney was involved in sending the package.

Further, we find no merit in the State's contention that the jury was able to establish intent to possess contraband due to evidence regarding the defendant's 2003 conviction for a similar offense. In this regard, the State presented documentary evidence regarding the defendant's 2003 conviction for "possession or introduction of contraband into a penal institution." However, evidence in this regard was vague at best. Notably, after observing in a side bar conference that the parameters of the conviction could not be determined without examination of the record, the trial court instructed the jury that it was unclear whether the defendant was convicted for introducing contraband or possessing contraband in a penal institution. He advised, however, that the conviction generally arose under the same statute. Again, we find that this evidence, alone, is insufficient to establish intent in the instant case. Simply, there was no evidence connecting the defendant to the origination of this suspect package.

Accordingly, after viewing the evidence in light of the *Jackson* standard, we find that no rational trier of fact could have found the essential elements of the offense of attempted possession of contraband in a parish prison proven beyond a reasonable doubt. Under these circumstances, we find it necessary to reverse the

defendant's conviction for that offense as well as the related adjudication as a multiple offender. We further vacate and set aside the sentence imposed. This determination pretermits consideration of the defendant's remaining assignments of error.

### DECREE

For the foregoing reasons, the conviction of the defendant, Daniel B. Prince, under La.R.S. 14:402 for attempted possession of contraband in a penal institution is reversed. A judgment of acquittal is entered. Additionally, the attendant adjudication as a multiple offender under La.R.S. 15:529.1 is reversed. The related sentence is vacated and set aside.

**CONVICTION REVERSED. JUDGMENT OF ACQUITTAL ENTERED. MULTIPLE OFFENDER STATUS REVERSED AND SENTENCE VACATED AND SET ASIDE.**